*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 22-CV-0646

JAMILA WEATHERLY, APPELLANT,

v.

SECOND NORTHWEST COOPERATIVE HOMES ASSOCIATION, INC., APPELLEE.

Appeal from the Superior Court of the
District of Columbia
(2022-CA-002377-B)

(Hon. Hiram E. Puig-Lugo, Trial Judge)

(Submitted May 3, 2023                    Decided November 8, 2023[*])

*Robert Maxwell* for appellant.

*Daniel Costello* and *Jessica S. Blumberg* for appellee.

Before DEAHL, HOWARD, and SHANKER, *Associate Judges*.

SHANKER, *Associate Judge*: Appellant Jamila Weatherly, as the personal

representative of the estate of her deceased grandmother Norma D. Weatherly,

_____

[*] The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment. It is now being published upon the court's grant of appellee's motion to publish.

sued appellee Second Northwest Cooperative Homes Association, Inc., for breach of contract and breach of the covenant of good faith and fair dealing in connection with a unit in a cooperative building that Norma[1] had occupied. The cooperative unit had been the subject of two prior actions involving Ms. Weatherly and Second Northwest, in the Superior Court's Landlord and Tenant Branch and the Superior Court's Probate Division. The Superior Court dismissed the complaint at issue here under Super. Ct. Civ. R. 12(b)(6) on grounds of *res judicata* (claim preclusion) and collateral estoppel (issue preclusion) and, in the alternative, granted Second Northwest's motion for summary judgment. Because we find summary judgment for Second Northwest appropriate, we affirm on that basis and decline to address preclusion.

## I. Background

### A.

Norma and her husband Casslee Weatherly purchased stock in and became members of Second Northwest Cooperative Homes Association, Inc., a housing cooperative corporation. As stated in its by-laws, the purpose of Second Northwest is to provide members with housing and community facilities. Under

---

[1] We refer to appellant Jamila Weatherly as "Ms. Weatherly" and to others with the surname Weatherly by their first name.

those by-laws, Norma and Casslee, with their stock ownership and membership, were entitled to enter into an occupancy agreement to reside in unit 204 of a residential building owned by Second Northwest located at 405 N Street, NW, Washington, DC.

The terms of the occupancy agreement provided that neither the agreement nor a member's right of occupancy was transferable or assignable except as provided by the by-laws. The by-laws, in turn, provided, as relevant here, that if, upon a member's death, the membership passed by will or intestate distribution to a family member, the legatee or distributee could become a member of Second Northwest by assuming in writing the terms of the occupancy agreement within 60 days after the member's death and paying all amounts then due. If a member died and an obligation was not assumed under those terms, then Second Northwest had the option to purchase the membership from the deceased member's estate. If Second Northwest did not exercise that option, the deceased member's estate could sell the shares to someone who was qualified to be a member of Second Northwest.

Norma occupied unit 204 until her death on October 10, 2021 (with Casslee having pre-deceased her). Ms. Weatherly, Norma's granddaughter, was appointed the executor (personal representative) of Norma's estate. Ms. Weatherly, who was residing in unit 204, sought to occupy the unit permanently, but, "due to probate issues," did not inherit Norma's membership by will or intestate distribution—and

therefore did not assume in writing the terms of the occupancy agreement—within 60 days of Norma's death. Second Northwest, for its part, did not exercise its option to purchase the membership from Norma's estate. Ms. Weatherly does not allege or point to record facts indicating that the estate has tried to sell the membership shares to a qualified individual.

**B.**

Three months after Norma's death, Second Northwest filed in the Superior Court Landlord and Tenant Branch a complaint against Ms. Weatherly in her individual capacity for possession of the unit, alleging that Ms. Weatherly was not a tenant and had "no legal right to occupy the premises." Following a trial, a magistrate judge entered a nonredeemable judgment for possession of the property in favor of Second Northwest, which was subsequently upheld on review by the trial judge.

The trial judge observed that Second Northwest's "[b]y-laws detail the process for how an individual can become a member, which [Ms. Weatherly] did not follow. Because [Ms. Weatherly] is not a member and did not receive the property via the clearly delineated transfer process," the magistrate judge "did not err in concluding that [Ms. Weatherly's] continued residence in the unit was inconsistent with the terms of the [b]y-laws . . . ." The trial judge added that the judgment gave Second Northwest physical possession of the property but that

Ms. Weatherly could still sell the membership to a qualified individual or would be entitled to the proceeds of a sale by Second Northwest. The Landlord and Tenant Branch ruling "simply returned physical possession of the unit to Second Northwest because [Ms. Weatherly] is not a member and Second Northwest is a corporation that provides housing to its members." Ms. Weatherly appealed the trial court's ruling, and this court affirmed (initially in a Memorandum Opinion and Judgment that is now being published simultaneously with this Opinion). *Jamila Weatherly v. Second Northwest Coop. Homes Ass'n*, No. 22-CV-0403, Mem. Op. & J. (D.C. Oct. 31, 2023).[2]

Separately, Ms. Weatherly had filed in Norma's estate's probate proceedings a motion for an order to show cause, asserting that Second Northwest was "interfering with the estate's property rights" by seeking her eviction in the Landlord and Tenant Branch. The trial court denied the motion, concluding that the issues related to "the estate's property rights" had "already been thoroughly litigated" in the landlord-tenant action. The trial court added that the magistrate judge and trial judge in the landlord-tenant matter "were well aware that

---

[2] As this court notes in its Opinion in the landlord-tenant appeal, after Ms. Weatherly filed her notice of appeal in that case, the trial court issued an order purporting to vacate the judgment that Ms. Weatherly had appealed. This court held that the trial court lacked jurisdiction to do so and that the judgment therefore remains in effect.

[Ms. Weatherly] was the personal representative in this estate case at the time of their decisions, and the Personal Representative, through counsel, made the same arguments [in the landlord-tenant case] that she wishes to raise again before this Court." Finally, the court noted, the relief granted to Second Northwest in the landlord-tenant branch "was simply *occupancy* of unit 204 at 405 N St. NW; nothing in the landlord tenant case interfered with the estate's ownership of stock in [Second Northwest] or the Personal Representative's ability to manage the assets of the estate. If the Personal Representative or any other heir wishes to reside in unit 204, they will have to follow the same procedures for occupancy that [Norma] and any of the other residents of 405 N St. NW had to follow."

## C.

In the complaint at issue in this appeal, Ms. Weatherly alleges that Second Northwest breached the occupancy agreement and an implied covenant of good faith and fair dealing by seeking to "unjustly" evict her and by failing to exercise its option to purchase the membership from the estate or to allow her to sell the membership to an approved person. After Second Northwest moved to dismiss the complaint or in the alternative for summary judgment, the trial court sua sponte ordered Ms. Weatherly "to show cause why the claims in this case are not precluded by the doctrine of *res judicata* or claim preclusion based on the related Landlord and Tenant case."

The parties briefed the issue and the trial court held a show cause hearing, at the conclusion of which it orally granted Second Northwest's motion to dismiss on grounds of *res judicata* (claim preclusion) and collateral estoppel (issue preclusion) and, in the alternative, granted Second Northwest's motion for summary judgment.

The court observed that, in the landlord-tenant action, Ms. Weatherly was acting in both her individual capacity and her capacity as personal representative of the estate; that the landlord-tenant court made determinations of law about what the occupancy agreement says; and that those determinations were essential to the judgment reached in that action. The court also stated that "[t]he contract here essentially operates as the law. And the contract says that for somebody to live in the cooperative, they have to be a member. And if it's somebody who is intending to step into the shoes via inheritance into the situation of a member, they have to satisfy certain conditions, conditions which Ms. Weatherly has not followed." Accordingly, because there was no genuine issue of material fact and Second Northwest was entitled to judgment as a matter of law, summary judgment for Second Northwest was warranted.

This appeal followed.

## II.    Analysis

We agree with the trial court that Second Northwest is entitled to summary judgment on Ms. Weatherly's contract claims.  We therefore find it unnecessary to address claim preclusion and issue preclusion.

### A.

This court "reviews a grant or denial of summary judgment de novo and applies the same standard as the trial court does in considering the motion for summary judgment."  *Bowyer v. Reinhardt*, 277 A.3d 1259, 1265 (D.C. 2022).  "Summary judgment is proper if, when the facts are viewed in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law."  *Id*. (internal quotation marks, brackets, and ellipses omitted).  "On appeal, this court is required to conduct an independent review of the record to determine whether any relevant factual issues exist by examining and taking into account the pleadings, depositions, and admissions along with any affidavits on file, construing such material in the light most favorable to the" non-moving party.  *Id*. (internal quotation marks, brackets, and ellipses omitted).

### B.

Ms. Weatherly argues that disputed issues of material fact precluded the trial court's alternative grant of summary judgment for Second Northwest.  We disagree

and hold, as the trial court did, that there are no such disputed facts and that Second Northwest is entitled to judgment as a matter of law.

"To prevail on a claim for breach of contract, a party must establish (1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by breach." *Tsintolas Realty Co. v. Mendez*, 984 A.2d 181, 187 (D.C. 2009). "In contract dispute cases such as this one, summary judgment is generally appropriate where an agreement is unambiguous and where there is no question as to the parties' intent." *Jacobson Holman, PLLC v. Gentner*, 244 A.3d 690, 695 (D.C. 2021) (internal quotation marks omitted).

The complaint alleges breach of contract based on Second Northwest's (1) failure to exercise its option to purchase the estate's membership shares within the period provided for in the by-laws, (2) alleged failure to allow the estate to sell its membership shares to a qualified individual, and (3) efforts to evict Ms. Weatherly and take physical possession of the unit. Based on the undisputed facts and the unambiguous language of the contract, however, none of that conduct constitutes a breach.

First, the occupancy agreement and the by-laws clearly contemplate that Second Northwest has the option, not the obligation, to buy the estate's membership shares if the membership is not transferred through inheritance within

60 days of the member's death. "Failure to exercise an option does not constitute breach." *Woodbridge Place Apartments v. Washington Square Cap., Inc.*, 965 F.2d 1429, 1437 (7th Cir. 1992).

Second, Ms. Weatherly did not in the Superior Court and does not now point to any record facts indicating that a potential buyer of the shares applied for membership or that Second Northwest has prevented or tried to prevent the estate from selling the membership to a qualified individual. *See Doheny v. Med. Fac. Assocs., Inc.*, 284 A.3d 739, 742 (D.C. 2022) ("Mere conclusory allegations by the non-moving party are legally insufficient to avoid the entry of summary judgment[;] a party opposing a motion for summary judgment must produce at least enough evidence to make out a prima facie case in support of his claim.") (internal quotation marks and brackets omitted).

Third, an action for eviction of Ms. Weatherly from the unit does not constitute a breach of the occupancy agreement or the by-laws. Both documents make clear that Second Northwest owns the units; that members own shares of Second Northwest; and that members obtain the right to occupy a unit by way of a lease. Norma's estate continues to own shares in Second Northwest, but, because Ms. Weatherly is not a member of Second Northwest, she cannot occupy the unit. *See* D.C. Code § 16-1503 ("When, upon a trial in a proceeding pursuant to this chapter, it appears that the plaintiff is entitled to the possession of the premises,

judgment and execution for the possession shall be awarded in his favor . . . ."); *Lemp v. Keto*, 678 A.2d 1010, 1018 (D.C. 1996) ("A cooperative property owner holds shares of stock in the cooperative corporation that owns the apartment; the owner does not have a fee interest in the apartment where he or she resides.").

Ms. Weatherly's arguments to the contrary are unavailing. She asserts that disputed issues of material fact preclude summary judgment, but the disputed issues she identifies are either not material, not issues of fact, or not disputed. Specifically: (1) whether Ms. Weatherly is eligible for membership is immaterial, as it is undisputed that she has not applied for membership; (2) whether Ms. Weatherly resided in the unit as a non-member prior to Norma's death is immaterial because the provisions relating to the transfer of Norma's membership became applicable upon Norma's death; (3) whether Second Northwest breached the terms of the by-laws is a legal, not factual, question; (4) whether Ms. Weatherly was acting in her individual or representative capacity, or both, in the landlord-tenant action is immaterial with respect to the summary judgment ruling in the contract action; (5) that Second Northwest did not exercise its option to purchase the estate's shares and moved directly toward eviction is not disputed; and (6) whether the time provisions in the governing documents violate an implied covenant of good faith and fair dealing is a question of law.

Second Northwest is likewise entitled to summary judgment on Ms. Weatherly's claim for breach of the implied covenant of good faith and fair dealing. "[I]n every contract there is an implied covenant that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract, which means that in every contract there exists an implied covenant of good faith and fair dealing." *Abdelrhman v. Ackerman*, 76 A.3d 883, 891-92 (D.C. 2013) (internal quotation marks omitted; brackets in original). "To state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must allege either bad faith or conduct that is arbitrary and capricious." *Id*. (internal quotation marks omitted).

Ms. Weatherly alleges that Second Northwest breached the implied covenant by (1) taking action within the time limits set forth in the governing documents, when probate matters in the District are not typically resolved within those time periods; (2) moving to evict her instead of exercising its option to purchase the membership shares; and (3) failing to reach out to her to explore alternatives to eviction. The conduct of which Ms. Weatherly complains, however, is entirely consistent with Second Northwest's rights under the contracts. "The implied duty of good faith imposes an obligation on a contracting party not to evade the spirit of the contract, willfully render imperfect performance, or interfere with performance by the other party, but it does not require a party to waive or rewrite the terms of

the contract." *Sibley v. St. Albans Sch.*, 134 A.3d 789, 806 (D.C. 2016) (internal quotation marks, internal citation, and brackets omitted); *see Sundberg v. TTR Realty, LLC*, 109 A.3d 1123, 1133 (D.C. 2015) ("we must review the terms of the contract at issue in order to determine whether appellees violated the duty of good faith and fair dealing"); *Abdelrhman*, 76 A.3d at 892 ("Ackerman's alleged representation conformed to the terms of the contract. A truthful representation regarding the meaning of the contract could not frustrate appellants' enjoyment of the benefits of the contract, nor could it fairly be characterized as arbitrary or capricious or made in bad faith.").

## III. Conclusion

For the foregoing reasons, we affirm the trial court's grant of summary judgment in favor of Second Northwest Cooperative Homes Association.

*So ordered.*